IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHAWN W., <br><br> **Plaintiff,** <br><br> v. <br><br> **KILOLO KIJAKAZI,**[1] <br> **Acting Commissioner of Social Security,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:21-cv-00351-JCB <br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Shawn W.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful consideration of the written briefs and the complete record,

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 10.

[2] ECF No. 9.

[3] 42 U.S.C. §§ 401-434.

[4] *Id*. §§ 1381-1383f.

the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's argument on appeal fails. Therefore, the court affirms the Commissioner's decision.

## **PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. In September 2017, Plaintiff applied for POD and DIB.[5] In October 2017, Plaintiff added a claim for SSI.[6] Plaintiff's claims were denied initially[7] and upon reconsideration.[8] On August 2, 2019, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[9] On September 4, 2019, the ALJ issued a written decision denying Plaintiff's claims.[10] Plaintiff appealed the adverse ruling, and, on February 8, 2020, the Appeals Council vacated ALJ's decision and remanded the case for reconsideration.[11]

On October 5, 2020, Plaintiff appeared for a second hearing before the same ALJ.[12] The ALJ again denied benefits by written decision dated December 7, 2020.[13] Plaintiff appealed the

---

[5] ECF No. 15, Administrative Record ("AR __") 360-68.

[6] AR 369-92

[7] AR 197-204.

[8] AR 210-15.

[9] AR 42-71.

[10] AR 278-84.

[11] AR 192-96.

[12] AR 38-54.

[13] AR 13-41.

2

adverse ruling, and, on April 6, 2021, the Appeals Council denied Plaintiff's appeal,[14] making the ALJ's decision final for purposes of judicial review.[15] On June 7, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[16]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[17] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[18] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[19] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[20] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[21]

---

[14] AR 1.

[15] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[16] ECF No. 2.

[17] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[18] 42 U.S.C. § 405(g).

[19] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[20] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[21] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled.[22] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[23]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[24]

At step three, the claimant must show that his or her impairment meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[25] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[26] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[27] An

---

[22] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[23] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[24] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii), 416.920(a)(4)(i)-(iii).

[25] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[26] *Williams*, 844 F.2d at 751.

[27] 20 C.F.R. §§ 404.1520(e), 416.920(e).

individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.[28] In making this finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[29]

At the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[30] "If the claimant is able to perform his previous work, he is not disabled."[31] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[32]

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."[33] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[34] If it is determined that the claimant "can make an

---

[28] 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[29] 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

[30] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[31] *Williams*, 844 F.2d at 751.

[32] *Id*.

[33] *Id*.

[34] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

adjustment to other work," he is not disabled.[35] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[36]

## ANALYSIS

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's substance use disorder.[37] Specifically, Plaintiff argues that the ALJ erred in concluding that Plaintiff's substance use disorder was material to a finding of disability where the ALJ had previously failed to find, at step two, that Plaintiff's substance use disorder was a medically determinable impairment ("MDI").[38] As explained below, Plaintiff's argument fails. Any error by the ALJ in evaluating Plaintiff's substance use disorder was harmless. Therefore, the court affirms the Commissioner's decision.

The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."[39] The corresponding regulations provide, in relevant part, "[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must

---

[35] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[36] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[37] ECF No. 19 at 5. The ALJ referred to Plaintiff's condition as a "substance use disorder." *See, e.g.,* AR 17 ("I conclude that the claimant is under a disability but that a substance use disorder is a contributing material factor."). The court adopts ALJ's terminology for purposes of this decision.

[38] ECF No. 19 at 5.

[39] 42 U.S.C. § 423(d)(2)(C).

determine whether your drug addiction or alcoholism is a contributing material factor to the determination of disability."[40] "The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol."[41] To make this determination

> we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling. If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability. If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.[42]

Thus, when a claim involves substance abuse, the ALJ applies the traditional five-step sequential evaluation without removing or isolating the impact or effects of the substance abuse on the claimant.[43] If the ALJ finds that the claimant is not disabled under the five-step process, then the claimant is not entitled to benefits and there is no need for further inquiry. However, "[i]f the gross total of a claimant's limitations, including the effects of substance use disorders suffice to show disability," then the ALJ must conduct the sequential evaluation a second time to

---

[40] 20 C.F.R. §§ 404.1535(a), 416.935(a).

[41] 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

[42] 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

[43] See Sax v. Colvin, 31 F. Supp. 3d 1156, 1161 (E.D. Wash. 2014).

determine which limitations would remain absent the substance use disorder and whether the claimant would still be disabled absent the substance abuse.[44] If the ALJ determines that the claimant would continue to have disabling impairments even "if [he or she] stopped using alcohol or drugs," then the substance use disorder is not a "contributing factor material to the finding of disability."[45] However, if the claimant's remaining impairments would not be disabling, then the substance use disorder is a contributing factor material to the finding of disability and the claimant will not be considered disabled.[46]

Because this case included medical evidence of substance abuse, the ALJ applied the foregoing analysis. The ALJ noted at the outset that medical evidence in the record indicated Plaintiff had a substance use disorder.[47] Accordingly, as directed by the applicable regulations, the ALJ began by evaluating Plaintiff's claim via the five-step process, without segregating any

---

[44] *Smith v. Astrue,* 916 F. Supp. 2d 905, 908 (D. Iowa 2013) (providing that the ALJ must conduct the five-step disability inquiry based on claimant's limitations without segregating any effects that might be due to claimant's drug addiction or alcoholism, and "if the gross total of a claimant's limitations, including the effects of substance use disorders suffice to show disability," then the ALJ must conduct the sequential evaluation a second time to determine what limitations would remain in the absence of claimant's substance use disorders); *see* Mark F. v. Kijakazi, No. 21-2034, 2022 WL 407394, at *6 (D. Kan. Feb. 10, 2022) (explaining how and why the sequential evaluation is applied twice in cases where a claimant has a disabling limitation with the involvement of drug addiction or alcoholism); *see also Bustamonte v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001).

[45] 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).

[46] 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i); *see also Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) ("The implementing regulations make clear that a finding of disability is a condition precedent to an application of § 423(d)(2)(C).").

[47] AR 17; *see also* AR 20-26.

effects or limitations attributable to Plaintiff's substance use disorder. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.[48]

At step two, the ALJ identified the following severe, MDIs: "asthma, COPD, sinusitis, major depressive disorder, generalized anxiety disorder, and PTSD."[49] The ALJ found that Plaintiff's bilateral tarsal tunnel syndrome of the lower extremities was a non-severe MDI. The ALJ did not include Plaintiff's substance use disorder among the MDIs at step two.

Although Plaintiff's substance use disorder was omitted from the list of MDIs at step two, at step three – the step at which the ALJ must determine whether claimant's MDI or combination of MDIs meets or equals a listing – the ALJ expressly included Plaintiff's substance use disorder among Plaintiff's MDIs. The ALJ stated: "Even with [Plaintiff's] substance use, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled" the severity of a listed impairment.[50] Regarding Plaintiff's physical MDIs, the ALJ explained that "[i]ncluding the effects of substance abuse, the severity of the claimant's physical impairments, considered singly and in combination, does not meet or medically equal the criteria of any [listed] impairment."[51] Similarly, the ALJ found that "[Plaintiff's] mental impairments, including the substance use disorder, do not meet or medically equal the criteria of any [listed]

---

[48] AR 19.

[49] *Id.*

[50] AR 20.

[51] *Id.*

impairment."[52] Because Plaintiff's MDIs, including the substance use disorder, did not meet or equal a listing, the ALJ proceeded to determine Plaintiff's RFC.

The ALJ found, "based on all of the impairments, including [Plaintiff's] substance use," that Plaintiff had the RFC to perform a range of low-stress, medium work with limited social demands and reduced exposure to pulmonary irritants," and that Plaintiff would "miss work two or more days per month."[53] In forming Plaintiff's RFC, the ALJ expressly considered and included restrictions attributable to Plaintiff's substance use disorder. According to the ALJ, the need for periodic absences – two or more days per month – was due to Plaintiff's substance use disorder, based on medical evidence in the record showing that from 2015 to 2017 Plaintiff's "regular use of methamphetamines . . . exacerbated his chronic asthma" resulting in "numerous hospitalizations" and "poor response to treatment."[54]

At step four the ALJ found, based on Vocational Expert (VE) testimony, that given Plaintiff's RFC, which included limitations attributable to Plaintiff's substance use disorder (i.e., two or more absences per month), Plaintiff was not able to perform any past relevant work.[55]

---

[52] *Id.* The ALJ specifically addressed each of the four areas of mental functioning and found: (1) "[I]n understanding, remembering , or applying information, including the substance use disorder, the claimant has mild limitation"; (2) "In interacting with others, including the substance use disorder, the claimant has mild limitation"; (3) "With regard to concentrating, persisting, or maintaining pace, including the substance use disorder, the claimant has moderate limitation"; and (4) "As for adapting or managing oneself, including the substance use disorder, the claimant has no limitation." *Id.* at 20-21.

[53] AR 26.

[54] AR 22, 26.

[55] AR 26.

At step five, based on VE testimony, the ALJ found that "considering all of [Plaintiff's] impairments, including the substance use disorder, [Plaintiff] is unable to make a successful vocational adjustment" to work existing in significant numbers in the national economy.[56] Thus, applying the five-step framework, without segregating the effects of Plaintiff's substance use disorder, the ALJ found Plaintiff disabled.

However, because Plaintiff's medical records indicated that Plaintiff suffered from a substance use disorder, rather than awarding Plaintiff benefits based on the finding of disability, as would ordinarily be the case, the ALJ conducted the five-step sequential evaluation a second time to determine whether Plaintiff would still be disabled absent the substance use disorder. This time, the ALJ expressly omitted from the analysis Plaintiff's substance use disorder and any limitations or restrictions attributable to Plaintiff's substance use disorder.

Revisiting step two,[57] the ALJ found that Plaintiff continued to have a severe MDI or combination of MDIs because, even without the substance use disorder, Plaintiff's "remaining limitations would cause more than a minimal impact on [Plaintiff's] ability to perform basic work activities."[58]

Moving on to step three, the ALJ found that omitting Plaintiff's substance use disorder would not alter the ALJ's previous finding that Plaintiff's MDIs, both physical and mental, failed

---

[56] AR 27.

[57] The ALJ did not revisit step one, which considers whether the claimant is presently engaged in substantial gainful activity. The ALJ had previously determined, at step one, that "[Plaintiff] ha[d] not engaged in substantial gainful activity since the alleged onset date." AR 19.

[58] AR 27-28.

to meet or medically equal a listed impairment.[59] Because Plaintiff's MDIs, without the substance use disorder, did not meet our equal a listing, the ALJ proceeded to determine Plaintiff's RFC.

As before, the ALJ found that Plaintiff had the RFC to perform a range of low-stress, medium work with limited social demands and reduced exposure to pulmonary irritants.[60] However, the ALJ found that if the substance use disorder were omitted, Plaintiff would no longer need to miss work two or more days per month.[61] To support this finding, the ALJ reviewed and summarized medical evidence in the record.[62] According to the ALJ, the medical evidence showed that after Plaintiff entered court-ordered drug rehabilitation in 2017, Plaintiff's respiratory conditions were adequately controlled with medication, and the pulmonary functioning tests revealed that Plaintiff's breathing capacity improved over time. The ALJ also noted that, although Plaintiff was hospitalized in September 2017 due to asthma, Plaintiff's hospitalization was brief, and Plaintiff responded well to treatment. And since the September 2017 incident, Plaintiff had not had any hospitalizations and only occasional allegations of asthma exacerbation.[63]

---

[59] AR 27, ¶ 11.

[60] AR 28.

[61] AR 27.

[62] AR 22-26, 28-33.

[63] AR 31.

Revisiting step four, the ALJ found that based on Plaintiff's revised RFC, which omitted the limitations attributed to substance use disorder, Plaintiff remained unable to perform past relevant work.[64]

At step five, however, the ALJ concluded, based on testimony from the VE, that if Plaintiff's substance use disorder were omitted, Plaintiff would be capable of making a successful adjustment to work that exists in significant numbers in the national economy, and, therefore, Plaintiff was not disabled. Because "[Plaintiff] would not be disabled if he stopped the substance use," the ALJ found that "[Plaintiff's] substance use disorder [was] a contributing factor material to the determination of disability," and therefore Plaintiff was not disabled within the meaning of the Social Security Act.[65]

Despite the foregoing analysis, Plaintiff argues the ALJ's failure to designate his substance use disorder as an MDI at step two effectively precluded the ALJ from finding that Plaintiff's substance use disorder was material to a finding of disability.[66] Relying on Social Security Ruling 13-2p, Plaintiff argues that a substance use disorder cannot be "material to a claim for disability" unless it is found to be a "medically determinable impairment."[67] Plaintiff maintains that by failing to find that his substance use disorder was an MDI at step two, the ALJ effectively conceded that Plaintiff's substance use disorder had no more than "'a minimal effect

---

[64] AR 33.

[65] AR 34.

[66] ECF No. 19 at 6.

[67] ECF No. 19 at 6 (citing SSR 13-2P, 2013 WL 621536, at *1 (Feb. 20, 2013)).

on [Plaintiff's] ability to do basic work activities,'"⁶⁸ and, therefore, the ALJ lacked a sufficient basis for concluding that Plaintiff's substance use disorder was material to Plaintiff's claim for disability.

Additionally, Plaintiff claims that the ALJ's failure to find that Plaintiff's substance use disorder was an MDI at step two caused prejudicial errors in Plaintiff's RFC. According to Plaintiff:

> The ALJ made two Residual Functional Capacity (RFC) findings in this case, one purportedly that included [substance use disorder] limitations and one that did not. However, a properly formulated RFC finding only includes limitations from MDIs (whether severe or non-severe) . . . . Without a finding that [Plaintiff's substance use disorder] was an MDI (severe or not), there were no limitations to subtract from the first RFC finding to formulate the second RFC finding. The two should have been identical. As the ALJ found that the first RFC finding led to a conclusion that Plaintiff was disabled, then the process should have stopped there.⁶⁹

Both arguments fail.

The United States Court of Appeals for the Tenth Circuit has instructed that where a court can follow the adjudicator's reasoning in conducting its review of a Social Security disability determination and can determine that correct legal standards have been applied, merely technical omissions to not dictate reversal.⁷⁰ When reviewing an ALJ's evaluation of a Social Security

---

⁶⁸ ECF No. 19 at 7 (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

⁶⁹ ECF No. 19 at 8.

⁷⁰ *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing that it may be "appropriate to supply a missing dispositive finding under the rubric of harmless error in the right circumstances, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that

claim, "common sense, not technical perfection, is our guide."[71] The United States Supreme Court has similarly instructed that no "particular formula" or "magic words" are required; and a "reviewing court must 'uphold' even 'a decision of less than ideal clarity if the agency's path may reasonably be discerned.'"[72] Applying these principles to the ALJ's written decision, the court finds that, despite the ALJ's failure to identify Plaintiff's substance use disorder as an MDI at step two, the ALJ applied correct legal principles and his analysis was sufficiently clear.

Having carefully reviewed the ALJ's written decision, it is clear that the ALJ in this case reasonably determined, based on medical evidence in the record, that Plaintiff suffered from a medically determinable substance use disorder.[73] At the beginning of his written decision, the ALJ identified Plaintiff's substance use disorder as a key issue to be addressed.[74] He then applied the correct legal analysis as a means to determine whether Plaintiff's substance use disorder was material to a finding of disability. The ALJ proceeded through the multi-step sequential process twice – the first time expressly including the effects of plaintiff's substance use disorder and the

---

no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").

[71] *Keyes-Zachary,* 695 F.3d at 1167.

[72] *Garland v. Ming Dai,* 141 S.Ct. 1669, 1679 (2021) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286 (1974)).

[73] The ALJ referred to medical evidence in the record confirming that Plaintiff had been diagnosed with and suffered from a substance use disorder, specifically methamphetamine abuse and dependence. AR 20-26. The medical evidence documented Plaintiff's history of methamphetamine abuse and dependence, and also documented medical providers' diagnoses of methamphetamine abuse and dependence. *See, e.g.,* AR 568-70, 579, 635, 640-41, 659-60, 696-97, 712-16, 724-26, 838, 848-51.

[74] AR 17.

15

second time expressly omitting the effects Plaintiff's substance use disorder – and ultimately concluded that Plaintiff's substance use disorder was material to a finding of disability.

Although the ALJ omitted Plaintiff's substance use disorder from the list of MDIs at step two, in subsequent steps the ALJ referred to Plaintiff's substance use disorder as an "impairment," and the ALJ treated Plaintiff's substance use disorder as if he found it to be an MDI throughout the analysis. For example, at step three, when determining whether Plaintiff's MDIs met or equaled a listing, the ALJ referred to Plaintiff's substance use disorder no fewer than ten times, and he included Plaintiff's substance use disorder among the other, expressly identified MDIs.[75] In forming Plaintiff's RFC, the ALJ considered Plaintiff's substance use disorder as if it were an MDI[76] and the ALJ expressly included limitations and restrictions in the RFC that were attributable Plaintiff's substance use disorder.[77] At step four, the ALJ similarly included Plaintiff's substance use disorder among the expressly identified MDIs when he stated: "I find that based on all of the impairments, including the claimants substance use, the claimant has the RFC to perform medium work."[78] Indeed, if a substance abuse disorder had *not* been an MDI, then the ALJ would not have addressed substance abuse at every step thereafter. Because the ALJ considered substance abuse in every step subsequent to step 2, he clearly considered it to

---

[75] AR 20.

[76] When assessing a claimant's RFC, the ALJ shall consider all of the claimant's MDIs, 20 C.F.R. §§ 404.1545(a)(2), 416.945, and only the MDIs, SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

[77] AR 26 ("I find that the claimant would have two or more absences a month when considering claimant's substance use.").

[78] AR 22.

be an MDI even if he did not expressly say so. Under these circumstances, the court concludes that the ALJ's omission of the words "substance use disorder" at step two was harmless.

The court similarly rejects Plaintiff's argument that the ALJ's failure to find that Plaintiff's substance use disorder was an MDI at step two prejudicially impacted Plaintiff's RFC. Although an ALJ's failure to properly identify a condition as an MDI can result in reversible error, courts have made clear that reversible error is found only when the failure to properly identify the condition as an MDI causes the ALJ to fail to consider the impact of that condition in subsequent steps of the analysis.[79] That is not the situation here. In this case, despite failing to identify Plaintiff's substance use disorder as an MDI at step two, when formulating Plaintiff's RFC, the ALJ treated Plaintiff's substance use disorder as though he found it to be an MDI, and he explicitly considered the limiting effects and restrictions caused by Plaintiff's substance use disorder. Regarding Plaintiff's RFC, the ALJ stated: "I find that claimant would have two or more absences a month when considering claimant's substance use. The record shows that the claimant's regular use of methamphetamines during this period exacerbated his chronic asthma resulting in numerous hospitalizations."[80] Because the ALJ expressly considered the limiting

---

[79] *Compare Brown v. Colvin*, 205 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) (finding reversible error where ALJ declined to find fibromyalgia an MDI at step two, and there was no evidence that Plaintiff's fibromyalgia was thereafter considered at any later step in the process including the formation of Plaintiff's RFC), *with Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding that ALJ's failure to list claimant's bursitis at step two was harmless where the ALJ extensively discussed the condition at step four of the analysis).

[80] AR 26.

effects of Plaintiff's substance use disorder in formulating Plaintiff's RFC, any error by the ALJ in failing to identify Plaintiff's substance use disorder as an MDI at step two was harmless.[81]

Based on the forgoing, and having carefully reviewed the ALJ's written decision, the court finds that the ALJ's decision is supported by substantial evidence and free from harmful legal error. Under these circumstances, remanding the case for the ALJ to expressly clarify at step two that he found Plaintiff's substance use disorder to be an MDI would serve no useful purpose.

## **CONCLUSION AND ORDER**

As demonstrated above, Plaintiff's argument on appeal fails. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED July 8, 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[81] In addition to arguing that the ALJ erred by failing to designate substance abuse as an MDI, Plaintiff also contends that the ALJ failed to determine the severity of the substance abuse. ECF No. 19 at 6. However, any error in this regard is also harmless because the ALJ's analysis clearly shows that, on the one hand, substance abuse in conjunction with other impairments is sufficient to find a disability but once substance abuse is removed from the analysis, Plaintiff's other impairments are insufficient to find a disability. Thus, regardless of whether the substance abuse was "severe" or "non-severe," the ALJ's analysis shows that it was a contributing factor such that its abatement would render Plaintiff able to work according to his RFC, which Plaintiff does not appeal. Therefore, if the ALJ erred in failing to specifically state whether Plaintiff's substance abuse of "severe" or "non-severe," then any such error is harmless.